## Commonwealth v. Michaels

*Leon Schwartz* and *J. Justin Blewitt*, for Commonwealth.

*John R. Verbalis*, for defendant.

APONICK, J., June 15, 1944.—Defendant was arrested upon a charge of threatening to do bodily harm to the prosecutrix. Hearing on the charge was held on March 2, 1944, before a justice of the peace who, on the same day, took bail for the appearance of the defendant at the next term of the court of quarter sessions. The transcript was filed on March 21, 1944. The next term of quarter sessions consisted of a sitting of two weeks, March 27th and April 3rd. For some reason the case was not listed for hearing at that session of court. It was, however, listed for the next term.

Defendant has made a motion to quash the return of the transcript upon the ground that the justice of the peace failed to comply with the terms of the Act of March 18, 1909, P. L. 42, 19 PS §24 et seq., and upon the further ground that the case was not heard at the next court of quarter sessions and, therefore, the court is without jurisdiction to hear it now.

The pertinent portions of the act are as follows (sec. 1 and sec. 3) :

"In all cases of surety of the peace, the justice of the peace before whom such case is instituted shall, before he binds anyone over to the next term of the court of quarter sessions and in the meantime to keep the peace, upon the oath of another, as provided by section six of the act of March thirty-one, one thousand eight hundred and sixty (Pamphlet Laws, four hundred and twenty-seven), enter into a full hearing and investiga-

tion of the facts; and shall only bind over the defendant when the evidence shows, to the satisfaction of the justice, that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm." (19 PS §24).

"It shall be the duty of the justice of the peace, who has entertained a complaint in a surety of the peace case, to afford an opportunity and to suggest to the parties the propriety of compromising their differences before entering into a hearing." (19 PS §26).

The transcript in this case contains a summary of the testimony of the witnesses on both sides as given before the justice of the peace and concludes with the following statement:

"The undersigned justice suggested a compromise before the hearing also afterward—could not reconcile parties — conducted a full and complete hearing — threats were maliciously made and pros sw. that she has reasonable cause and causes to fear an assault or other injury or violence to her person."

We think that the contention of defendant that such a transcript is not a substantial compliance with the act of assembly is without merit.

The contention of defendant based on the failure to hear the case at the first term of court after the filing of the transcript is equally groundless. The act requires that the justice of the peace hearing the case bind the defendant over for the next term of quarter sessions. That was done in this case. The defendant was properly before the court and the fact that the case was not listed for hearing at the next term of court does not oust the court of jurisdiction. At most, such action might prevent any recovery on the bond, which question it is not now necessary to determine.

Rule to show cause why the return of the transcript should not be quashed is discharged.